HENRY, *Appellant*, v. BASSETT.

| | |
|---|---|
| 75 | 89 |
| 32a | 75 |

| | |
|---|---|
| 75 | 89 |
| 34a | 555 |
| 34a | 560 |

| | |
|---|---|
| 75 | 89 |
| 36a | 583 |

| | |
|---|---|
| 75 | 89 |
| 42a | 482 |

| | |
|---|---|
| 75 | 89 |
| 114 | 64 |

| | |
|---|---|
| 75 | 89 |
| 80a | 595 |

| | |
|---|---|
| 75 | 89 |
| 102a | 550 |

| | |
|---|---|
| 75 | 89 |
| 96a | ³430 |
| 100a | ⁷654 |

1. **Attorneys at Law**: PARTNERSHIP. Attorneys undertaking jointly the defense of a suit at law, become, as to that case, special or limited partners. In the absence of agreement to the contrary, they will be entitled to share equally in the compensation, and it does not matter that one may do more of the work than the other. This will not entitle him to charge as for extra services. Nor will he have any remedy against the other, by dissolution of the partnership or otherwise, for failure to perform his full duty.

2. **Instructions** which wholly ignore an essential issue in the case are properly refused.

3. **Attorneys at Law**: JOINT CONTRACT FOR SERVICES: ABANDONMENT. If attorneys, by joint contract, undertake the defense of a case, mere neglect on the part of one of them to perform services, will not amount to an abandonment of the contract, but refusal might, under proper circumstances.

4. ——: ——: PAROL EVIDENCE. In an action by one attorney against another to recover one-half of the fee received by the latter for both under a written contract to render legal services, one of the defenses relied on was that defendant had employed, and paid a part of the fee to, other attorneys whose assistance he had obtained, with the consent of plaintiff and their client. *Held*, that this did not vary or alter the terms of the principal contract, and parol evidence of it was admissible.

5. ——: ——. In such an action, the fact that the plaintiff is at the same time suing the client for his half of the fee, cannot affect his right of recovery.

6. ——: ——. In such an action, it will be no defense to show that the attorneys could not have compelled payment of the fee if the client had chosen to resist, or that by an arrangement with the

client, the defendant may have to refund it; or that the plaintiff did not render the services he ought to have rendered, or pay his portion of the incidental expenses.

7.  **Abandonment of Contract:** A QUESTION OF LAW.  What constitutes abandonment of a contract is a matter of law, and the court should instruct the jury as to the effect of the facts they may find, bearing upon the question, and not leave it to them to say, without such instruction, whether a contract has been abandoned or not.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

A. *Henry pro se.*

*E. J. Smith* and *P. H. Holcomb* for respondent.

HENRY, J.—Plaintiff and defendant were jointly employed as attorneys at law by Mt. Pleasant township, in Bates county, to defend Bates county against certain suits instituted in the circuit court of the United States on bonds issued by said township to the Lexington, Lake & Gulf Railroad Company, and, by the agreement, were to receive as their compensation, $7,000, provided said suit should be successfully defended, and the bonds declared void by the Supreme Court of the United States.  In one of the cases, *Harshman v. Bates County*, the said court did so decide, and thereupon Bassett applied to the township board of Mt. Pleasant township, and obtained an order for said $7,000, on executing a bond in the penalty of $14,000, to refund the money he might receive on said order, in the event that other cases, on other of said township bonds should be decided by the Supreme Court of the United States adversely to the township.  The case of *Harshman v. Bates County* was subsequently overruled by the Supreme Court of the United States in the case of *Winters et al. v. Bates County*, which was a suit on a portion of said Mt. Pleasant township bonds, which, by this latter decision, were held valid.  This suit was instituted by Henry to re-

cover one-half of the amount of the fee received by said Bassett from said township. The answer set up the foregoing facts, and also that Henry had refused and failed to perform any service in said cases, and that Bassett in connection with Glover and Shepley, of St. Louis, whom he employed with the consent of all the parties and paid a fee of $2,000, attended to the cases to their final conclusion, and that Henry gave them no assistance whatever, but wholly failed and refused to do so. The plaintiff's replication denied the statements in the answer. None of the evidence was preserved by the bill of exceptions. All that appears here is, that each party introduced evidence tending to prove the issues on his part. After the evidence was closed, the court refused certain instructions, asked by plaintiff, and gave the jury instructions for defendant, and thereupon plaintiff took a non-suit with leave to move to set it aside, and a motion to that effect having been by the court overruled, plaintiff has appealed to this court.

Plaintiff and defendant were special or limited partners. Story on Part., § 75. In the absence of an agreement to the contrary, they were to share equally in the compensation. Story on Part., § 24. Neither, without an agreement to that effect, could charge the other for extra services. *Bennett's Adm'r v. Russell's Adm'r*, 34 Mo. 524; *Cramer v. Brachman*, 68 Mo. 310; Story on Part., § 182. In the transaction of the business they had engaged to attend to for Mt. Pleasant township, neither could do more than their joint agreement required. Nothing that either might do necessary to the defense of those suits, could be regarded as extra service. One might do less, but the other could not do more than his duty, and one partner has no remedy against one who does less than his duty, in transacting the business of the firm, but in a proceeding to dissolve the connection. In a partnership, however, limited to one transaction, in which the partners have become bound to a third party, to perform certain services, we know of no way for one of the partners to

1. ATTORNEYS AT LAW: partnership.

extricate himself. Neither of the partners can release the other from his obligation to such third party, nor is it competent for any court to relieve either of his liability to such third person, against his consent.

The first of plaintiff's refused instructions asked the court to instruct the jury, that if plaintiff and defendant 2. INSTRUCTIONS. contracted with said township to defend certain suits against Bates county, and the township agreed to pay them $7,000 when any case should be decided by a court of last resort, holding that said bonds were void, and that plaintiff and defendant executed to said township their joint bond for $14,000, to secure their compliance with their contract, and that in *Harshman v. Bates County* there was a decision rendered by the court of last resort, that said bonds were void, and that afterward defendant received said stipulated fee, the jury should deduct from said sum the money necessarily expended by defendant in attending and defending said suit, including fees paid other attorneys employed, etc., and find for plaintiff one-half of the balance. The second declared, that if plaintiff and defendant jointly contracted with said township, and gave their joint bond for $14,000 to perform their joint obligation, they should find that plaintiff and defendant were equally entitled to the net profits obtained on said contract. These instructions were properly refused. They wholly ignore the issue made by the pleadings in the allegation of the answer, denied by the replication, that plaintiff had refused to perform any service under the contract, and as the evidence on that issue is not preserved by the bill of exceptions, we are not prepared to say that error was or was not committed in refusing the instruction.

The simple neglect of one of the parties to perform service under the contract, would not amount to an abandonment of the contract by him. A refusal 3: ATTORNEYS AT LAW: joint con-tract for services: abandonment. to perform service is of more significance. It might, under certain circumstances, amount to a dissolution of the partnership, as between the parties.

The refusal of one partner to do his duty in a general partnership, would not dissolve the partnership, but in a partnership like this, limited to one transaction, we are not prepared to say that a refusal under no circumstances would have that effect. Here there is no evidence preserved, and we are left to grope in the dark on the subject, and cannot say that the court erred in refusing the instructions.

The plaintiff's fourth was to the effect, that plaintiff should not be charged with any fees, or costs incurred, in defending any other suit than those mentioned in the contract with Mt. Pleasant township. So far as appears in this record, the court properly refused the instruction. The contract with the township is not fully stated in the plaintiff's petition, nor does it appear in the bill of exceptions, and how is this court to determine, whether plaintiff is liable or not for his proportion of fees and costs incurred in other cases than those specifically mentioned in that contract?

The sixth instruction presents a question which, for the same reason, we cannot determine. There is nothing to show that parol evidence was admitted to alter or vary the terms of the contract between the township and these parties. In the answer, Bassett alleges that with the consent of all the parties, he employed Messrs. Glover & Shepley to assist in the defense of the suits. If there was evidence on that point, and it is that of which plaintiff complains, his complaint is without foundation. The contract with Glover & Shepley did not vary or alter the terms of the other contract. It was a separate and independent contract between the parties to this suit and Glover & Shepley.

The fifth asked by plaintiff was in substance, that the pendency of a suit by this plaintiff against Mt. Pleasant township for his half of the fee, was not a bar to this suit. The court refused it in that form, but gave it with this qualification: "But may be considered in determining whether plaintiff has a right to recover in

this action against defendant.'   Why this was added, and what it means, we do not understand.  How could the fact of the pendency of that suit, if not a bar to this, aid the jury in determining plaintiff's right to recover in this?

The first instruction for defendant given by the court, declares that plaintiff cannot recover unless the plaintiff and defendant could have maintained an action for the $7,000 against the township of Mt. Pleasant on their contract.  What Bassett received from the township he received for both himself and Henry, if he and Henry were partners in the defense of the suits against Bates county.  He received it under a contract which recognized Henry's right to half of the money, and whether the township could have successfully defended a suit instituted by Henry and Bassett on that contract, is wholly immaterial.  The township has paid it, and paid it to one of two parties, who, by the terms of the agreement, were equally entitled to it.

The second for defendant declares, that if the warrant was delivered to Bassett on the condition that he was to return the money if either of the suits should be decided adversely to Bates county, and he executed a bond to secure his compliance with such condition, and other suits were yet undetermined, plaintiff could not recover.  What was said of defendant's first instruction is equally applicable to this.  Bassett received the money from the township, under the contract, for himself and Henry, and cannot set up a possible or probable right of the township to recover it back.

The defendant's third instruction told the jury, that before they could find for plaintiff, they must find that he entered upon the defense of said suits and performed the labor and services the contract required, and that if he failed, neglected or refused to do so, and defendant performed the services, plaintiff could not recover, unless the township assented to such failure, and defendant agreed to perform such services, if plaintiff would pay half of the

expenses, and that defendant did perform such services. The defendant here attempts to avail himself of a defense against plaintiff which the township might have urged in a suit by these parties on the contract. This he cannot do. The township could no more relieve Henry of his duty to the defendant, than Henry or Bassett could relieve each the other of his obligation to the township. If the township saw proper to pay the fee of $7,000, notwithstanding Henry had not discharged his duty under that contract, it does not matter, so far as the relations between Henry and Bassett are concerned, whether the township could have avoided paying it or not.

The fourth declares, that Henry could not recover, if he performed no services under the contract with the township, or failed or neglected, or refused to pay his portion of the expenses of the litigation. For reasons already given, this instruction was improper.

The fifth declares that if after the contract was concluded, the plaintiff abandoned it, and did not perform any 7. ABANDONMENT services under it, and defendant did, and OF CONTRACT: a question of law. procured to be done, all the services under said contract, which have been done, then plaintiff cannot recover. If the evidence in relation to the abandonment of the contract by Henry, had been preserved, we would have some light upon this instruction, which might enable us to pass upon it. What the facts relied upon to constitute an abandonment are, we are not informed. They should have been given, and the court declared their effect. It was improper to submit it to a jury to say whether the contract was abandoned or not.

The next instruction, number six, declares, that either a refusal, or a failure, on the part of Henry, to render services, under the contract, amounted to an abandonment of the contract on his part. His mere failure to render service, we have seen, would not amount to an abandonment. A refusal to do so might. -It would depend, as we have seen, upon all the circumstances under which it was made. This

instruction, we think, clearly erroneous, in declaring that a mere failure to perform service under the contract was an abandonment.

We do not think that the plaintiff " needlessly took his non-suit." The instructions given absolutely precluded his recovery, if the jury followed them, and there was any evidence to support them, and that there was we may assume from the fact that the court gave them.

The bill of exceptions not containing the evidence, we have been no little perplexed in determining the questions involved in many of the instructions. While, ordinarily, it is unnecessary to set out all the evidence, yet in this case it is impossible, satisfactorily to determine the questions involved in the absence of the testimony. The judgment is reversed and the cause remanded.