PINCKNEY E. BROWN, Respondent, v. BARNABAS
McCORMICK ET AL., Appellants.

St. Louis Court of Appeals, October 26, 1886.

1. UNLAWFUL DETAINER—POSSESSION—ABANDONMENT.—In an action
of unlawful detainer in which the only question is whether the
defendant's conceded prior possession had been abandoned before
the plaintiff's entry upon the land, the question of abandonment is
one of fact.

2. ——— INSTRUCTIONS.—In such a case, where there is substantial
evidence of the lawfulness of the defendant's possession at the time
when the suit was brought, the facts being controverted, an instruc-
tion founded on the plaintiff's testimony, and ignoring counter-
vailing facts proved by the defendant, is erroneous.

APPEAL from the Clarke County Circuit Court, BEN.
E. TURNER, Judge.

*Reversed and remanded.*

N. F. GIVENS and REED & WHITESIDE, for the ap-
pellants: The lease in question did not give the plaintiff
possession. *Michan v. Walsh*, 6 Mo. 346. The plaintiff
must have *bona fide* peaceable possession of the premises,
and not a mere sham. *DeGraw v. Prior*, 60 Mo. 56;
*Edwards v. Cary*, 60 Mo. 572. The title and right of
possession is not sufficient. *Beeler v. Cardwell*, 29 Mo.
72. Possession merely to gain some advantage at law is
not *bona fide*. *Keene v. Schnedler*, 9 Mo. App. 597;
*Dyer v. Reitz*, 14 Mo. App. 45. A party who asks an
instruction on the whole case must so frame it as not to
exclude from the jury the points raised by the evidence
of the other party. *Clark v. Hammerlé*, 27 Mo. 55;
*Sawyer v. Railroad*, 37 Mo. 240; *Fitzgerald v. Hay-
ward*, 50 Mo. 516.

W. L. BERKHEIMER, for the respondent: The exe-

cution of a lease and the taking possession of the premises thereunder, and exercising the usual acts of possession, are evidences of lawful possession. McCartney v. Alderson, 45 Mo. 35 ; Bartlett v. Draper, 23 Mo. 407 ; Miller v. Northup, 49 Mo. 397 ; Miller v. Tillman, 61 Mo. 316. The McCormicks are precluded and estopped now, to either claim the land, or that they were in possession. Bunce v. Beck, 46 Mo. 327 ; Chatterton v. Gordon, 39 Mo. 229 ; Pelkington v. Insurance Co., 55 Mo. 172 ; Taylor v. Saugrain, 1 Mo. App. 312.

Lewis, P. J., delivered the opinion of the court.

This is an action of unlawful detainer. The complaint states that the plaintiff, on the first day of March, 1886, "had the legal right to the possession" of the premises described, and that the defendants, "on the day and year aforesaid, wrongfully and without force, by disseisin, obtained, and continues in possession of said premises after demand made in writing for the delivery of the possession thereof."

It appears, from the testimony, that the land was owned by one Lapsley, who leased it to the defendant, Barnabas McCormick, for the year 1885, and until March 1, 1886. During the summer of 1885, there was some talk between these parties about a renewal of the renting for the year 1886. Lapsley testifies that no definite conclusion was reached. McCormick testifies that the parties came to a distinct understanding that he was to have the land for the ensuing year, if he should not, in the meantime, sell out and remove to Nebraska ; that he did not so remove, and, considering himself still the tenant of Lapsley, never at any time surrendered or abandoned his possession, as such. He did some ploughing on the place in the fall of 1885, in preparation for the next year's crop, having an understanding with Lapsley that, in the event of his removal to Nebraska, Lapsley would pay him for the work. It should be here remarked that

the controversy is confined to the east half of the forty-two acre tract described in the complaint.

The plaintiff testified that he rented the west half of the tract from Lapsley in August, 1885, and the east half from the same party on March 6, 1886. That he "took possession of the land on the first day of March, 1886, by going in on the land, fixing the fence up, getting ready for corn, and I and my hand cut twenty acres of stocks on the east part of the land." It further appeared in the testimony that in November, 1885, Lapsley caused a notice in writing to be served on McCormick for a surrender of the premises on the first day of March, 1886. Several witnesses testified that in the fall or winter of 1885, the plaintiff told them that, for the ensuing year, he was to have the west half of the tract and McCormick the east half. The plaintiff introduced testimony tending to prove that on the eighth or ninth of April, 1886, the defendants were plowing and doing other acts of possession on the land.

It sufficiently appears, from this statement, of only a part of the evidence, that a distinct issue was raised, as to whether the defendants, at the time when the plaintiff, as he says, "took possession" of the premises in dispute, were or were not still holding them—whether rightfully or wrongfully is immaterial—under their claim of a renewed renting for the year 1886, or whether they were or were not, in fact, holding the premises over under the previous renting. If the defendants were so holding the land, their possession was peaceable as against all the world, and it was impossible for the plaintiff to acquire a lawful possession against them, by merely going upon the land and exercising acts of ownership. He was a trespasser on the possession of another, and could acquire no right to perpetuate his trespass by legal procedure. There was substantial testimony on both sides, sufficient to entitle either party to a hearing on this issue by the triers of fact. The court gave the following instruction for the plaintiff:

"If the jury shall believe, from the evidence, that plaintiff rented the land in dispute of D. H. Lapsley, and that thereafter he went upon the premises and put up fencing where it was out of order, and cut fifteen or twenty acres of stalks for the purpose of preparing the ground for cultivation, and that defendant, Thomas McCormick, came upon the land and plaintiff ordered him off the land, and then asserted his right to the land as tenant of Lapsley, then in such case the plaintiff was in the peaceable possession of the land. And if the evidence further shows that the defendants afterwards went upon the premises and commenced plowing the ground, and that plaintiff demanded possession thereof of defendants, and that the defendants refused to deliver the possession to the plaintiff, then in such case the defendants' possession of the premises is unlawful, and it would be immaterial in this action whether Lapsley agreed to let McCormick have the land in dispute for the year 1886, and in such case the verdict should be for the plaintiff."

This instruction took the defendants' whole case away from the jury. It told them, in effect, that their verdict must be founded upon the plaintiff's testimony, without paying any regard to that submitted by the defendants. A verdict so shaped can not be permitted to stand.

The judgment is reversed, and the cause remanded, with the concurrence of all the judges.