Olive McDonald *et al.*, Respondents, v. Kansas City Cable Railway Company, Appellant.

**Kansas City Court of Appeals, July 2, 1888.**

**Practice :** INSTRUCTION IGNORING MATERIAL ISSUE : CASE ADJUDGED. Where an instruction entirely ignores a material issue, which was, in this case, whether defendant's agent was notified or knew of plaintiff's desire to leave the car,—it is for this reason, erroneous.

*Appeal from Jackson Circuit Court.*—Hon. Turner A. Gill, Judge.

Reversed and remanded.

The case is stated in the opinion.

*Johnson & Lucas*, for the appellant.

(1) [a] The first instruction tells the jury that the defendant's car was stopped to allow plaintiff to alight; thus assuming as true, what was in controversy in the testimony. This alone is sufficient for reversal. *Maxwell v. Railroad*, 85 Mo. 96; *Dowling v. Allen*, 88 Mo. 293; *Stober v. Railroad*, 91 Mo. 509. (b) It is also erroneous in that it gives the jury to understand that plaintiff had a right to hold defendant responsible for the consequences of her attempting to alight, where she desired to get off, irrespective of whether the car had been stopped, at her instance, for that purpose, or for some other reason, thus ignoring a material issue. *Henry v. Bassett*, 75 Mo. 89; *Greer v. Parker*, 85 Mo. 107; *Browne v. McCormick*, 23 Mo. App. 181; *Russell v. Railroad*, 26 Mo. App. 368. (c) The second instruction authorizes the jury to take into consideration "plaintiff's physical and mental suffering, present and prospective." There was no evidence of any prospective mental suffering, neither could there have been any. (2) [a] The answer of the jury to special issue number seven was, "evidence conflicting." This was equivalent to saying that plaintiff did not notify the conductor of her wish to get off, and hence is a finding clearly inconsistent with the general verdict. And this was a material issue in the cause upon any theory. *Morrow v. Com'rs Saline Co.*, 21 Kas. 484; *Railroad v. McCandliss*, 33 Kas. 366; *Flannery v. Railroad*, 23 Mo. App. 120. (b) The answer to special issue number twenty-one finds that plaintiff stepped down upon the steps while the car was in motion. She certainly was guilty of negligence in so doing, and this finding will not allow the general verdict to stand. (c) The answers to special issues numbered twenty-seven and seventeen show that the jury did not believe plaintiff's testimony, as to the point at which she alighted, and are inconsistent with the general verdict. (d) The general verdict is not only in conflict with the special

findings, but shows bias, partiality and prejudice on the part of the jury, and hence it should have been set aside and the motion for a new trial sustained. *Rand v. Grubbs*, 26 Mo. App. 591; *Damrill v. Railroad*, 27 Mo. App. 202.

*D. J. Haynes*, for the respondents.

(1)   The first objection to the first instruction is obviated by a stipulation in the cause showing that the word "when" was omitted in said instruction between the words "that" and "its" (in the fourth line of said instruction), and agreeing to its being restored.   This being done the instruction loses the objectionable feature complained of.   Also the second objection to said instruction is without merit; the instruction is based upon the positive, undisputed evidence that the cars were stopped at Jefferson street, at Mrs. McDonald's instance, and for the purpose of allowing her to alight from the car at that point.   The evidence was exclusively for the jury,—was submitted to the jury, and the verdict was for plaintiff, and where there is evidence to sustain the verdict of the jury, this court will not disturb the verdict and judgment. *Whalen v. Railroad*, 60 Mo. 323; *Cook v. Railroad*, 19 Mo. App. 322; *Culbertson v. Hill*, 87 Mo. 555; *Fell v. Coal Mining Co.*, 23 Mo. App. 225. (2)   Mental suffering resulting from bodily pain, or permanent injury hazarding one's ability to earn a living, caused by the gross negligence of another, is a legitimate element of damages.   3 Sutherland on Damages, 259, 260; *Whalen v. Railroad*, 60 Mo. 323.   And the jury have a right to consider damages of any character which it appeared from the evidence would reasonably result from the injuries, in the future. *Russell v. Columbia*, 74 Mo. 480; *Cook v. Railroad*, 19 Mo. App. 333, and cases cited.; 2 Thompson on Neg. sec. 33. Hence the second instruction given by the court below in behalf of the respondents, correctly interpreted the law.   The mental sufferings of a person caused by such

an injury as Mrs. McDonald sustained, are so closely allied to the bodily pain resulting therefrom, that the two cannot be separated. *Porter v. Railroad*, 71 Mo. 82; *Hyatt v. Railroad*, 19 Mo. App. 293; *Trigg v. Railroad*, 74 Mo. 147; *Fell v. Coal Mining Co.*, 23 Mo. App. 225. So that, if the character of the injury was such as to impress the jury with the reasonable probability of future physical sufferings arising from the injury, why should they not also infer that future mental suffering would arise from the same cause? Especially when we consider the evidence of Mrs. McDonald, that her husband was at home sick, that she had just started in business, that her business was broken up by the accident, and the evidence of Drs. Foster and Runnels, that her wrist would probably be permanently disabled; and the prospects of making a living and enjoying life apparently blighted.    (3)    Appellant has no just cause of complaint by reason of the failure of the jury to answer any of its special issues, unless such special issue was material, and such failure operated to appellant's injury. The special findings of a jury are sufficient if they are consistent with the general verdict. *Brick Co. v. Railroad*, 21 Mo. App. 648. In this case the special findings are all entirely consistent with the general verdict.  In any event, the appellant's objection to said answers coming first in the appellate court are too late and cannot be considered. They should have been made before the jury were discharged. *Fire Brick Co. v. Railroad*, *supra*, and cases cited.  (4) The mind controls the actions of the body, therefore, when Mrs. McDonald reached the platform of the cars (which had been stopped at her instance for the purpose of allowing her to alight), and saw the car standing still, she doubtless thought and had a right to think that it would remain standing still until she had time to step from the platform to the ground, and acting upon that theory, she stepped onto the step with the idea of reaching the ground uppermost in her mind, and in stepping down, the momentum of her body, together with the sudden

jerk of the car, rendered it absolutely impossible for her to have pulled herself back on to the platform, or to have avoided falling to the ground. In other words, her action was just as any other person's of sound mind would have been under similar circumstances, and hence the element of contributory negligence is entirely wanting. If, however, the train started forward with a quick jerk just as Mrs. McDonald was in the act of stepping from the platform of the cars to the ground, as her evidence and George Seeser's showed that it did, it would not have constituted contributory negligence if she had actually jumped off the car. *Lloyd v. Railroad*, 53 Mo. 514; *Wyatt v. Railroad*, 55 Mo. 485; *Filer v. Railroad*, 49 N. Y. 47; *Doss v. Railroad*, 59 Mo. 37. If the gross negligence of appellant in starting the cars at such a critical moment put Mrs. McDonald in such a perilous position and confused her mind, so that she was for the moment disqualified from selecting the best way out of the trouble and she actually by her conduct contributed to the injury by acting injudiciously, appellant is estopped from complaining of the results of an act which it was guilty of precipitating. *Lloyd v. Railroad*, *supra*.

ELLISON, J.—Plaintiffs are husband and wife, and claim that one of them, the wife, was a passenger on defendant's cable street railway on April 5, 1886, and that while alighting therefrom, at the northwest corner of Ninth and Jefferson streets, in Kansas City, Mo., the car from which she was descending was started suddenly and threw her to the ground, breaking her arm at the wrist, and for this, and medicines and medical attendance rendered necessary thereby, they obtained a verdict for two thousand dollars.

It was claimed by plaintiffs that Olive MacDonald, the passenger, notified defendant's conductor that she desired to alight at the place named, and that the car was stopped for that purpose. Defendant claimed that no notice was given of Olive MacDonald's desire to stop; that the train was stopped at the point named for

a moment for another reason, and that after it started, the plaintiff Olive MacDonald arose from the seat, rang the bell, and jumped off the car while it was in motion and after it had passed the crossing.

The evidence tended to sustain the claim of each party. It is not disputed that the cars were stopped at Jefferson street, nor is it disputed that that point was where plaintiff Olive "desired to get off." The dispute was whether defendant's conductor knew of her desire to get off and stopped for that purpose.

Under such state of the evidence, the court gave for plaintiffs, over defendant's objection, the following instruction, "that if they believe from the evidence in this case that plaintiff Olive MacDonald was a passenger on one of defendant's cars on April 5, last past, that she paid her fare, that the cars were stopped at Jefferson street in Kansas City, Mo., where she desired to get off, that she attempted to alight from said cars using ordinary diligence for that purpose, but before she had time to alight the cars were started forward and threw her to the ground and injured her, and that without any contributory negligence on her part, they will find for the plaintiff."

This instruction entirely ignores the material issue, whether defendant's agent was notified or knew of plaintiff's desire to leave the car at that point, and for this reason it is erroneous. *Henry v. Bassett*, 75 Mo. 89; *Grier v. Parker*, 85 Mo. 107; *Brown v. McCormick*, 23 Mo. App. 181; *Russell v. Railroad*, 26 Mo. App. 368.

I will add, that though defendant's servants may not have been notified by plaintiff to stop at Jefferson street, and though the stop was made at that point to see if the track was clear at the foot of the "incline," yet, if before starting, plaintiff made known her intention of getting off and defendant negligently started up, thereby throwing her to the ground, as she was in the act of alighting, it would be liable, in the absence of negligence on part of plaintiff

The judgment will be reversed and the cause remanded. All concur.