## BAILEY v. GRIGGS et al.

No. 25397.    Sept. 17, 1935.

Rehearing Denied Oct. 8, 1935.

West & Davidson, for plaintiff in error.

J. S. Severson, for defendants in error.

GIBSON, J. Franklin H. Griggs commenced an action in the district court of Tulsa county against Patent and Trade-Mark Protection Company, a corporation, to recover an attorney fee for legal services rendered said company in connection with the prosecution of a suit in the federal court. A certain debtor of said defendant corporation was garnisheed by Griggs, the result of which was the depositing of a fund with the court clerk sufficient to pay the judgment sought. Thereafter, Frederick W. Bailey, an attorney, filed his petition of intervention in said action seeking to establish his interest in one-half the fee sought by Griggs and asked judgment against Griggs for that amount.

In the meantime Noah Weinstein was appointed trustee in bankruptcy for the defendant corporation and has become a party by intervention. Judgment for $4,000 was entered for Griggs against the defendant, and holding that the trustee in bankruptcy had not established his claim to the fund garnished, and it was further adjudged that the evidence on the part of Frederick W. Bailey was insufficient to sustain his petition in intervention.

From this judgment the intervener, Frederick W. Bailey, and the trustee have taken separate appeals. The only matter considered on this appeal is Bailey's claim to one-half the judgment sought and obtained by Griggs, and his alleged right to participate equally with Griggs in the fund impounded under the garnishment proceedings.

Bailey will be referred to herein as plaintiff, and Griggs as defendant.

The alleged facts on the part of plaintiff are substantially as follows:

That he is an attorney at law, engaged in the active practice; that he was employed by defendant corporation to prosecute a suit in the United States District Court for the Western District of Arkansas; that in pursuance of said employment he instituted said suit and thereafter employed, and associated with him, the defendant as associate counsel in said cause; that in all subsequent proceedings the defendant appeared as associate counsel, and that the services for which plaintiff was employed, and in connection with which he associated with him the defendant, have been fully performed.

It is further alleged that the defendant instituted the action against the defendant corporation without his knowledge and did at the same time attach the funds in question so as to enable the same to be applied in satisfaction of said attorney's fees. It is further alleged that defendant repeatedly promised plaintiff to make him a party plaintiff in the action for the purpose of obtaining a joint recovery of the fees sued for, but that the defendant failed to keep said promise. Plaintiff asked that he be adjudged to have an equal interest with the defendant in the recovery of attorney's fees sued for and that he have an equal right with defendant in the funds garnished, and that the judgment against defendant company be a joint judgment in favor of plaintiff and defendant, or that in the event defendant recovered, plaintiff have judgment over and against him for one-half the amount thereof, to be satisfied ratably with defendant out of the funds held under garnishment.

Defendant alleged that plaintiff was employed as agent for the defendant company and acted as such in connection with the suit in federal court; that the plaintiff attempted to institute said suit in a federal court in the state of Arkansas prior to his admission to practice in that court for the purposes of that litigation, and, acting as agent for defendant company, he employed the defendant to conduct said litigation. Plaintiff's evidence disclosed that he had been a member of the Oklahoma State Bar for nearly 19 years and that he had practiced in the federal courts of Oklahoma and various other states.

The theory upon which the plaintiff presented his intervening petition was a ratification of the action by Griggs for the fees earned by both of them in the suit in federal court and to participate equally with Griggs in the recovery. Nothing was sought by him against the defendant company or its trustee except the right to participate in the recovery of Griggs.

The facts concerning the activities of the plaintiff and defendant in connection with the litigation in the federal court are virtually undisputed. The evidence clearly reveals that they were in close association at every stage of the proceedings. They made all trips together, were together on the pleadings and on the briefs. Clearly, the plaintiff filled the role of counsel all the way through the litigation, and there is nothing in the record indicating that the defendant considered the plaintiff in any capacity other than counsel until or near the time this action was instituted.

Defendant's theory is that he was employed not as cocounsel but as general coun-

sel by the defendant corporation through the agency of the plaintiff, later ratified by the plaintiff's principal, the defendant company.

There were letters from the corporation introduced showing that the defendant was recognized as counsel in the case. Nowhere does there appear any indication of a separate employment or the promise of a separate fee. The evidence points to employment of the plaintiff on quantum meruit and there was never an intimation of plaintiff's withdrawal from the case. There is no evidence of authority in the plaintiff to make contracts of employment with attorneys other than the customary authority to engage associate counsel. The fact that plaintiff at the time the suit was commenced in federal court was not admitted to practice in that court is no indication that a separate employment of defendant was necessary. The plaintiff was admitted to that court in due time by customary motion. The correspondence of the defendant corporation and the acts of its officers indicate no other recognition of defendant than the recognition expected from a client to associate counsel of its regular attorney. No agency for the purpose of employing general counsel was shown to exist in the plaintiff. He held a contract with the corporation as agent for soliciting insurance. This contract, by express terms or by implication, did not create such an agency as would authorize employment of legal counsel. Plaintiff's employment as attorney did not arise under his agency as insurance solicitor. It was wholly a separate employment.

That plaintiff was employed as counsel in the litigation is unquestioned. That the plaintiff first associated the defendant as counsel is also unquestioned. We can find nothing indicating a change of that relationship thereafter, until defendant disavowed the same when he commenced the present action.

The outcome of this litigation between the plaintiff and defendant is entirely dependent on their relationship during the litigation in the federal court. Plaintiff engaged defendant to participate with him in the prosecution of said suit. Nothing was said concerning the fee either was to receive. Plaintiff's employment was upon quantum meruit. Defendant was a participant with plaintiff in that employment. In the absence of an agreement between them, they were proceeding jointly upon that basis. That is the position taken by plaintiff in this action, and

he bases his argument for reversal of the judgment upon the following proposition:

"It was the contention of defendant in error Griggs that he brought, and had the right to bring, an action to recover attorney fees for his own services only, as upon a separate employment, and that Bailey was without right to intervene or claim any part of the recovery.

"Bailey's contention was, and is, that he alone was employed in the patent infringement case, and that he associated Griggs with him in the prosecution of that case; that although this was done with the knowledge and consent of Bailey's client, that fact did not constitute a separate employment of each; that if there was an employment of Griggs at all by the company's recognition of his services, it was a joint employment with Bailey; that since the services were actually joint, and of the same character, Griggs could not maintain a separate action for any part of the fee for the services of both, and that the judgment should have been a joint judgment in favor of both for one fee."

It has been held in numerous jurisdictions that lawyers jointly undertaking to represent a client, without a contract as to the division of the fees, share equally. Ford v. Freeman (Cal.) 180 P. 545; Gill v. Mayne (Iowa) 162 N. W. 24; Henry v. Bassett, 75 Mo. 89; Underwood v. Overstreet (Ky.) 223 S. W. 152, 10 A. L. R. 1357, note.

In Henry v. Bassett, supra, it is stated:

"Attorneys undertaking jointly the defense of a suit at law become, as to that case, special or limited partners. In the absence of agreement to the contrary they will be entitled to share equally in the compensation, and it does not matter that one may do more of the work than the other. This will not entitle him to charges for extra services."

And in Ford v. Freeman, supra, the following statement appears:

"We think the rule declared in 6 C. J., section 334, should be given application in this case. Said rule is expressed as follows: 'Attorneys who jointly undertake to prosecute or defend a lawsuit are entitled, in the absence of an agreement to the contrary, to share equally in the compensation'."

The parties in the present case were engaged in a joint undertaking. They sought by their joint industry to gain for themselves a fee commensurate with the value of their services to the client. That fee was the primary object of their joint endeavor. In that undertaking they were special partners, or joint adventurers. And the

rules governing the relationship of partners must govern. 15 R. C. L. 500.

The parties to this action were associated as counsel through the entire litigation. Apparently each performed such service as was required of him. Under such circumstances and in the absence of agreement between the parties, the California court said in Ford v. Freeman, supra:

"In action between four attorneys involving their rights to share equally in contingent fee, held that if there was no express agreement as to an equal division of contingent fee in question, the attorneys were joint adventurers in the conduct of the litigation for a common client, so that they were entitled, in any event, to share equally in compensation."

It is true the fee in that case was contingent, but we see no material difference in the character of the work and the relationship of the parties where the fee depends upon the value of the work performed and not exclusively upon the amount recovered.

As stated by this court in E. D. Bedwell Coal Co. v. State Industrial Commission, 157 Okla. 227, 11 P. (2d) 527,

"* * * A joint adventure is a special combination of two or more persons where in some specific venture a profit is jointly sought without any partnership or corporate designation." Smith v. Burt, 150 Okla. 34, 300 P. 748.

The evidence clearly shows the existence of the relationship of joint adventurers between the parties, and the judgment of the trial court to the contrary is not supported by the evidence.

It follows that the trial court was in error in not sustaining plaintiff's petition and granting him the relief prayed for.

Since plaintiff was permitted to intervene, and since he has by his petition and by declaration in open court ratified the act of his co-adventurer in bringing the action against the client for the fee of both, the rights of the client, or its successors, have not been prejudiced by the fact that the action went to judgment in the name of one joint adventurer. But under the facts as clearly established by the evidence, the judgment so entered in favor of the defendant, Griggs, should be a joint judgment in favor of both Bailey and Griggs.

Upon an examination of the entire record, we are of the opinion that the judgment of the trial court should be reversed. The record reveals that the defendant would likely fail upon any theory of his defense to the petition of intervention in the event a new trial were ordered. It was his duty to offer all the evidence at his command at the first trial and evidently he has performed that duty. And we are of the opinion that justice will be best served by disposing of the case at this time. Section 549, O. S. 1931; St. L. & S. F. Ry. Co. v. Mc-Givney, 19 Okla. 361, 91 P. 693; Kernodle v. Elder, 23 Okla. 743, 102 P. 138; Page v. Atkins, 86 Okla. 290, 208 P. 807; Kelly v. Oliver Farm, etc., Co., 169 Okla. 269, 36 P. (2d) 888.

In Ruemmeli-Braun Co. v. Cahill, 14 Okla. 422, 79 P. 260, this court held as follows:

"If, from an examination of the whole record, it clearly appears that the evidence does not reasonably support the verdict, and that a new trial will not change the result, this court will reverse the judgment of the court below and remand the case, with directions to enter judgment for the adverse party."

For the reasons expressed, the judgment of the trial court is reversed and the cause remanded, with instructions to enter judgment for plaintiff for one-half the recovery awarded to the defendant, Griggs, in accordance with the prayer of his amended petition in intervention.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.