ROGERS v. LASSITER, Adm'r.

No. 31993. Dec. 4, 1945.

164 P. 2d 632.

Wm. Blake, of Tulsa, for plaintiff in error.

Coffey & Coffey, of Tulsa, for defendant in error.

ARNOLD, J. The parties will be designated as in the trial court.

This case was tried to a jury on plaintiff's first amended petition, defendant's answer thereto, and the reply of plaintiff. Verdict was returned in favor of plaintiff for $16,750 and judgment rendered thereon.

In plaintiff's first amended petition it is alleged, in substance: that he is the duly appointed and qualified administrator of the estate of Spencer Adams, deceased; that there is due and owing him as such administrator the sum of $56,101.19 out of money had and received by defendant, Rogers; that some time prior to September 30, 1932, the late Spencer Adams, who at that time and to the time of his death December 12, 1938, was a duly licensed and practicing attorney at law of Gary, Ind., was employed by certain of the heirs of Lette Kolvin Stephens, deceased Creek Indian, hereafter referred to as the Izora Alexander Lee group of heirs, to assist in establishing and collecting their interests by inheritance in the estate of said decedent, and pursuant thereto the late Spencer Adams engaged the defendant, Charles B. Rogers, and one E. O. Patterson, regularly licensed and practicing attorneys of this state, to assist him in his employment; that on the 30th day of September, 1932, a written contract was entered into between the Izora Alexander Lee group of heirs as first parties, and Adams, Rogers, and Patterson as second parties, fixing the terms of second parties' employment; said written contract provided, among other things, that second parties were to receive as compensation for their services one-half or 50 per cent of all recoveries of money or other interests had and obtained for and on behalf of the first parties; that Patterson subsequently withdrew from the contract and relinquished all rights thereunder; that pursuant to his contract of employment the late Spencer Adams performed valuable services at his own expense and on his own time on behalf of all contracting parties; that he was one of the attorneys of record in a suit brought in the district court of Creek county, cause No. 19179, styled James Isiah Wallace, Executor, et al., Plaintiffs, v. Nancy Barnett et al., Defendants, for recovery of the allotment of Lette Kolvin Stephens and for damages thereto; that in the trial of said cause evidence marshaled and assembled by the late Spencer Adams was used by his surviving associate, the defendant, Chas. B. Rogers; that a judgment was obtained in said action which was subsequently settled by the defendant for the sum of $224,404.76 for and on behalf of the parties who had employed the late Spencer Adams and the defendant, Rogers; that prior to the bringing of the instant action by this administrator against this defendant the contract of September 30, 1932, had been fully performed on the part of the late Spencer Adams and the defendant, Rogers, in that the first parties had been paid $112,202.39, or 50 per cent of the sum of $224,404.76 recovered in their behalf; that the defendant, Rogers, retained out of the proceeds of the settlement a like sum of $112,202.39 as compensation for himself and the late Spencer Adams; that the plaintiff, as administrator of the Spencer Adams estate, is entitled to have and recover 50 per cent of said sum of $112,202.39 and that the defendant, Rogers, is bound and obligated to pay said estate the sum of $56,101.19 out of the said sum so received and held by him.

Defendant's answer to the amended petition consisted of a general denial of all matters except such as were specifically admitted. Defendant admitted that he was a duly licensed and practicing attorney of Tulsa, Okla., and admitted the execution of the contract attached as an exhibit to plaintiff's amended petition. It is further alleged in said answer that at the date of the execution of the contract sued upon and prior thereto Spencer Adams represented that he was a duly licensed at-

torney in Oklahoma and could engage in the practice of law in this state; that Adams actively concealed the facts with reference to his not being a lawyer and licensed to practice in Oklahoma, and that by such misrepresentations and concealment of the facts he fraudently induced the said Izora Alexander Lee to employ him in association with Rogers and Patterson, and that this defendant was likewise induced to enter into said joint contract with Adams by reason of the false representations so made; that Adams had never been admitted or licensed to practice law in this state and that the contract so entered into was illegal, void, and against the public policy of this state; that Adams became a resident of the city of Okmulgee, Okla., prior to the year 1925, and that about the year 1925 said Adams moved to and became a resident of Tulsa, Okla., and that he remained such resident until the date of his death in 1938; that Spencer Adams died on or about the 12th day of December, 1938, in Tulsa, Okla.; that he never was a resident of Indiana and that at his death the action in the district court of Creek county, Okla., No. 19179, in which Izora Alexander Lee et al. were interveners, had not been tried nor was the contract sued upon herein completed; that on January 6, 1939, and on February 28, 1939, this defendant entered into valid contracts with Izora Alexander Lee et al. for the prosecution of said action in the district court of Creek county; that in pursuance of said contracts he prosecuted said action for the heirs of said Lette Kolvin Stephens, and that under said valid contracts he made settlement of said cause, and that all money received by him had been received by virtue of the terms of said valid contracts; that no money or property was received by defendant by virtue of the contract pleaded in plaintiff's first amended petition nor for any services performed by Adams, but that the recovery was had by the defendant under the contracts entered into as above indicated after the death of Adams.

Plaintiff's reply to the answer of defendant consisted of a general denial and an express denial of any false or fraudulent representations made by the late Spencer Adams to the defendant, Rogers, and denied that the contract of September 30, 1932, was induced by any false or fraudulent representations made by the late Spencer Adams; that at the time of the execution of said contract, and at all times since, the late Spencer Adams domiciled in Gary, Ind., was a licensed and practicing attorney of that state and in making the contract aforesaid contracted as an attorney of Gary, Ind., and at no time in connection with the instant controversy did he represent or hold himself out as an attorney licensed to practice in this state; that after the death of Spencer Adams on December 12, 1938, the defendant, Chas. B. Rogers, procured the appointment of his office associate as administrator of Adams' estate to enforce the right of Adams in the contract of September 30, 1932, and that Rogers served as attorney for said administrator until he resigned March 10, 1943; that defendant Rogers at no time, prior to receipt of the money here involved, disputed Spencer Adams' right to share therein, but on the contrary acknowledged to the Honorable James P. Melone, judge of the county court of Tulsa county, that the estate of Spencer Adams was entitled to and should participate and share in the money which the defendant, Rogers, expected to get in settlement of the Lette Kolvin Stephens litigation and requested Judge Melone to place a value on said interest and to authorize the administrator of the estate to release an attorney's lien claim which the late Spencer Adams had in the Lette Kolvin Stephens litigation; that thereafter the defendant, Rogers, effected the settlement without a release upon agreeing that $15,000 of the agreed settlement should not be paid until the administrator released the attorney's lien claim; that the late Spencer Adams and the defendant, Rogers, were for more than six years actively associated together in the litigation in question

without objection on the part of Rogers and that he proceeded to the conclusion of the Lette Kolvin Stephens litigation on the original pleadings signed by the late Spencer Adams as his associate; that he at no time objected to the practice made by the late Spencer Adams in the trial court during his lifetime and at no time voiced or made known the charges made against the late Spencer Adams in his answer; that he had no knowledge of the execution of the contracts alleged by Rogers to have been entered into after Adams' death and alleged that if such contracts were in fact made, the same show on their face that said defendant, Rogers, at the time of making the same had not at that time and did not at such time repudiate or deny his association with the late Spencer Adams or the services performed by decedent.

There were numerous petitions in intervention filed by persons claiming to be interested, but all of them were stricken from the trial docket and are to be tried at a later date.

Defendant makes eleven assignments of error, the first of which is that the trial court erred in overruling defendant's demurrer to the evidence of the plaintiff, for the reason that the evidence was insufficient to prove a cause of action. All the other assignments of error relate to instructions given by the court and tendered instruction refused.

The first assignment of error is argued under seven different legal propositions. The first three propositions substantially reiterate the same contention and may well be considered together. These three propositions are thus stated in defendant's brief:

"Adams, not being a member of the Bar of Oklahoma, the contract entered into by him and sued upon in this case was entirely illegal, void, and against the public policy of this state, and no recovery could be had thereon for services rendered thereunder, nor will a division of the profits made under such contract be awarded."

"The contract, being made in violation of the law and public policy of the state, the plaintiff cannot recover upon an implied contract, or upon quantum meruit."

"Adams' admission to the Bar of Indiana while a resident of Oklahoma gave him no right to practice law in this state without admission to the bar here, under plaintiff's claimed rule of comity."

The argument under each of these propositions proceeds upon the erroneous assumption that the contract between Rogers, Adams, and Patterson as second parties and the Lee heirs as first parties is the basis of the instant action. It is true that the contract was pleaded by the plaintiff and attached as an exhibit to his petition, but the contract was pleaded and exhibited to show the relation of the parties and to account for the manner in which the defendant came into possession of the money claimed by the plaintiff as administrator of the estate of Spencer Adams, deceased. The action was not upon this contract but was clearly disclosed by the petition and the evidence to be an action for money had and received by defendant for plaintiff's use and benefit.

In support of his argument under these propositions defendant cites and quotes from numerous authorities in which the action was between the first and second parties to an illegal contract. Fairly illustrative of this line of authorities are the cases of Brown v. Durham, 175 Okla. 500, 53 P. 2d 551, and Crawford, County Treasurer, et al. v. McConnell et al., 173 Okla. 520, 49 P. 2d 551. In the first of those cases Brown and Durham were the contracting parties, the latter being a layman, and the contract provided for a division of profits between Brown and Durham derived from business which Durham should bring to Brown, who was to conduct the litigation thereon. Durham was to contract with his clients for legal services in their behalf. In the action brought by Durham against Brown to recover his claimed portion

of the profits received by Brown from the litigation Durham's right of recovery depended solely upon the illegal contract which he had entered into with Brown. This court declared the contract illegal and left the parties where it found them. In the other case, Crawford, County Treasurer, v. McConnell et al., supra, the action was based upon the same illegal contract which was involved in the Durham Case, McConnell being an assignee of Durham. The contract being illegal, McConnell's action to enjoin the county treasurer from paying out money due to Brown under the contract was denied.

There is practically no diversity of opinion in the authorities as to the correctness of the rule announced in the line of cases cited and illustrated by the foregoing cases. However, the rule is entirely inapplicable to the fact situation presented in the instant case. This being an action for money had and received, the alleged illegal contract from which the defendant realized the profits in which plaintiff now claims an interest does not militate against plaintiff's right of recovery. In the early case of Barnes v. Lynch et al., 9 Okla. 156, 59 P. 995, the Territorial Supreme Court was considering a case somewhat similar in the fact situation to the instant case. In that case, as in the instant case, the illegality of the original contract was relied upon to defeat recovery, but that court denied the contention and in the body of the opinion, at page 193, used this language:

"The rule sought to be applied here has no application. While the contract with Stiles was illegal, it was carried out and effectuated, and the title to the property taken by Barnes and Dalton was, beyond dispute, taken by them for the company upon consideration paid by it and its members, and it is not necessary for the company to invoke the aid of the illegal contract referred to, for the purpose of recovering or asserting their rights here."

In the case of Thurlwell v. Rabbit, 110 Okla. 285, 235 P. 923, this court re-affirmed the rule announced by the Territorial Supreme Court in the fourth paragraph of the syllabus in the following language:

"If it appears that the defendants in a given case have received money or property from the complainants and which belongs to the latter, the same may be recovered without inquiry into the nature of the contract under which such money or property was acquired. The distinction is between enforcing an illegal contract, and asserting title to money and property which has arisen from it."

In the later case of White v. Little, 131 Okla. 132, 268 P. 221, this court considered a fact situation almost identical with the instant case. It was contended therein, as here, that a contract by one not a member of the bar of this state to conduct litigation for a client is illegal. This court said:

" . . . Whatever may be the merits of this contention in a controversy between Little and any litigant that he may have represented, as we view it, it is not a remedy available to Mr. White."

To the same effect see Martindale v. Shaha, 51 Okla. 670, 151 P. 1019; Bailey v. Griggs, 174 Okla. 90, 49 P. 2d 695; R. W. Hart & Co. v. Harris, 183 Okla. 588, 83 P. 2d 565, and the text in 4 Am. Jur. 509, § 20.

Under the facts disclosed by the record here and upon the authorities above referred to, it must be held that the rule contended for by defendant is not applicable, but on the contrary the rule anounced by this court in White v. Little, supra, is the proper rule to be applied.

Defendant's fourth and fifth propositions are predicated upon the contention that the contract set forth by plaintiff was entire and indivisible and that upon the death of Spencer Adams, before completion of his services under that contract, same was terminated and his administrator is not entitled to recover in this action.

The rule of law exemplified by the

authorities cited in defendant's brief under these propositions is well recognized and established, but an examination of the cases cited and relied on by defendant discloses its inapplicability to the facts in the instant case. The action in the cited cases was upon the original contract of employment and against the employer who defended upon the ground that the contract was entire and indivisible and therefore terminated either by the death of the party employed or by his failure or refusal, for other reasons, to complete performance under the contract. No authority is cited by defendant to sustain his contention that the administrator of Spencer Adams' estate may not maintain an action for money had and received by Adams' associate under the contract of employment where the contract has been fully performed and the emoluments collected and received by such associate who refused to account for and turn over the portion of such emoluments due to the estate of Spencer Adams, deceased. If this were an action by the administrator of Spencer Adams' estate against the Izora Alexander Lee group of heirs for his share of the fees to be paid under the contract of employment, the rule relied on by defendant might be applicable to the defense of said Izora Alexander Lee group of heirs. Under the fact situation here involved the rule has no application.

Two significant facts are disclosed in the evidence of plaintiff which contradict the present contention of defendant that the contract was entire and indivisible.

First: When Spencer Adams first interviewed Izora Alexander Lee with a view to being employed by her in her litigation she refused to give him a contract of employment unless one or more reputable white lawyers were associated with him. When the contract containing the signatures of Chas. B. Rogers, E. O. Patterson, and Spencer Adams was later presented to her she promptly executed the same. This demonstrates that she did not rely solely on the legal attainments or specialized skill of Spencer Adams in entering into the contract. She evidently considered the obligation of the three attorneys to be joint and several.

Second: In 1935, when E. O. Patterson accepted employment with the Stanolind Oil Company, defendant accepted an assignment of Patterson's interest in said contract evidencing that he did not then consider said contract entire and indivisible and terminated by Patterson's withdrawal therefrom. It was not until after the death of Spencer Adams that defendant concluded that the contract was entire and indivisible and was terminated and thereupon sought and secured new contracts with the same parties and for the same consideration in his own behalf.

Under defendant's sixth and seventh propositions under this first assignment of error, he clings to the erroneous assumption that the instant action is based upon the contract of September 30, 1932, and complains that the court permitted the plaintiff to change his theory of the case from an action upon an express contract to one upon implied contract.

In plaintiff's first amended petition he sought to recover on the basis of 50% of the fees accruing by reason of the litigation covered by the contract and the only change of theory by the plaintiff during the trial was as to the proportionate share of the proceeds of the contract to which his decedent was entitled. Testimony was introduced by the plaintiff showing the custom recognized by the American Bar Association, and by lawyers generally, that the customary division of fees in such cases is one-third to the lawyer who brings in the business and two-thirds to the lawyer who handles the actual trial work in connection with such litigation. No claim was made by plaintiff, nor did he introduce any evidence on which to base a claim on quantum

meruit basis. The testimony as to the recognized division of fees in cases such as this was not disputed by any evidence of the defendant, and fully justified the ruling of the trial court overruling defendant's demurrer to plaintiff's evidence.

In this connection, we may here dispose of defendant's specification of error No. 3, which relates to the giving by the court of paragraph 3 of its instruction to the jury. The court told the jury that plaintiff was seeking recovery upon a quantum meruit basis and that the amount of the attorney's fee received by Rogers in the Lette Kolvin litigation could not be considered by them for the purpose of arriving at the reasonable value of the services rendered by Adams in that case. Defendant urges that this paragraph of the court's instructions was erroneous, and we agree with this contention, but the instruction was more favorable to the defendant than he was entitled to under the evidence and he may not fairly complain thereof. Whatever doubt or uncertainty may have existed at the close of plaintiff's evidence as to the proportion of the fee received by Rogers to which plaintiff's decedent was entitled, that doubt and uncertainty was fully resolved when defendant called E. O. Patterson to the stand as a witness in his own behalf and introduced in evidence the written agreement between these three attorneys entered into at the time of Patterson's withdrawal from the original contract. Among other things, that contract provided:

"It is hereby mutually agreed among all parties to this agreement, that the said Chas. B. Rogers shall have and this shall be an assignment to him of two thirds (2/3) interest in and to said original contract of employment, fees and emoluments to be realized by through and from said original contract as attorneys' fees, and it is further stipulated and agreed herein by all parties hereto, that, out of said two-thirds (2/3) interest which said Chas. B. Rogers is now and herein being apportioned as his specific interest in said original contract of employment, that he, the said Chas. B. Rogers, shall pay or cause to be paid and to satisfy Attorneys E. O. Patterson and T. L. Blakemore, who are associate counsel in said cause on behalf of said Izora Alexander Lee and her group of interveners in said cause. That it is further mutually agreed herein that Spencer Adams, one of the other contracting parties to said original contract of attorneys, contract of employments shall be an assignment to him of one third (1/3) of said original contract of employment as his attorney's fees, emolument etc., the same to be his specific share of said original contract."

Upon the admission in evidence of this contract defendant admitted the allocation to Spencer Adams of a one-third interest in the emoluments which might be had upon the original contract and this admission conformed to plaintiff's evidence as to the recognized custom of attorneys in the division of fees in cases arising as did this one. Since the verdict of the jury was for a less amount than a one-third interest in the entire fee received would have amounted to, the error in this instruction was harmless to defendant.

Defendant's second, fourth, fifth, and sixth specifications of error are directed at certain paragraphs of the court's instructions to the jury.

Instructions of the court should be considered together and as a whole. When so considered, if the charge fairly presents the questions of fact to be determined under fairly and reasonably well stated applicable rules of law, and there are no confusing inconsistencies therein that appear to have prejudiced the rights of either party, no reversible error exists though isolated paragraphs of the instructions, standing alone, might be erroneous. With the exception of paragraph 3 thereof, heretofore discussed, we find the charge as a whole consistent and fairly submitted to the jury the issues of fact which it was to determine with-

out misleading distinctions that confused it. The court properly placed upon the plaintiff the burden of satisfying the jury as to the justness of his claim by a fair preponderance of the evidence. There is no sound basis for the criticism directed by the defendant at separate paragraphs of the instructions.

Defendant's specifications of error numbered 7 to 11, inclusive, complain of the refusal of the trial court to give instructions requested by the defendant. Some of these requested instructions were based upon defendant's erroneous assumption that the instant action was upon express contract, and were therefore erroneous and properly refused by the court. Other requested instructions were upon issues of fact fully and adequately covered by the court's general charge to the jury and their refusal was not error.

The evidence hereinbefore detailed clearly shows that the complaint of excessiveness in the verdict and judgment cannot be sustained. Affirmed.

HURST, V.C.J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur.