## BROWN v. DURHAM et al.

No. 23247. Jan 14. 1936.

A. M. Beets and Hayes, Richardson, Shartel Gilliland & Jordan, for plaintiff in error.

Sam S. Gill, for defendant in error.

BUSBY, J. In November of 1923, M. E. Durham, acting in a lay capacity, entered into a contract with Adelbert Brown, an attorney, to conduct a business under the name of Oklahoma Taxpayers Association The business consisted of protesting and filing suits to recover alleged illegal taxes in behalf of taxpayers. The nature of the enterprise was such that it could not be carried on without the filing and prosecution of actions in courts of law. Crawford, Co. Treas., v. McConnell, 173 Okla. 520, 49 P. (2d) 551.

Under the contract Durham agreed, among other things, to solicit the business for the association. Brown undertook to carry on the tax protest litigation as attorney. The tax protest cases were to be taken on a contingent basis, that is, a percentage of the recovery in the event of successful termination of the litigation. The original contract between Durham and Brown was in writing. It was modified and changed somewhat by subsequent agreements, oral and written, between the parties. However, the general scheme of operation of the business remained the same. The business operated for several years following the first contract. The compensation of the parties was derived from a division of the net proceeds of the profits during the first years of its operation. Later this was changed to a division of the gross recovery. During one year a contract was made between the parties by which Durham, in substance, sold his share of the profits to Brown for a stipulated sum. Various modifications of the original contract as contained in subsequent agreements between the parties affected the method of computing the amount which each should receive or derive from the profits of the business,

but they did not affect the general scheme or method under which the business was operated.

As contemplated by the contract, Durham did solicit business for the association from the various taxpayers in Oklahoma county, as well as other counties of the state of Oklahoma. When he procured a "client," a contract was entered into between the client-taxpayer and the "Oklahoma Taxpayers Association" providing in substance that the Oklahoma Taxpayers Association would receive a percentage of any and all alleged illegal taxes recovered through tax protest actions in behalf of such taxpayer. The substance of these contracts is reflected by the testimony incorporated in the record. However, the exact wording of the contract does not appear from the record, since such contracts between the taxpayers and the Oklahoma Taxpayers Association were not introduced in evidence. The plaintiff in error herein has improperly inserted what is alleged to be a copy of these contracts in his brief. The contract thus inserted is in the same form as was reviewed by this court in the case of Crawford, Co. Treas., v McConnell, supra, and its invalidity is asserted in the briefs for the reason expressed in the opinion in that case. Our decision of this case, however, cannot and does not rest upon the illegality of that contract, since the same is not now before us.

The ability of Mr. Durham as a solicitor of legal business is well demonstrated by mathematical calculations contained in the record in this case. Those calculations reflect an accumulation of legal business by the Taxpayers Association involving hundreds of thousands of dollars.

Checks upon the joint funds of the association could be drawn only by both Durham and Brown, it being required that each check should be signed by one and countersigned by the other. However, this did not provide a complete check upon the expenditure of funds for expenses of the operation of the business. Brown, as a lawyer, being in charge of the litigation through which the funds of the association were derived, necessarily and on most occasions received the proceeds of the litigation in the first instance. On a number of occasions, the details of which we need not discuss in this opinion, he made deductions from the funds thus received and applied a portion of the funds in the payment of items which he considered proper expenses of operation of

the business. Such deductions were, of course, made before the remainder of the funds was deposited in the account of the association. A dispute arose between the associates in this business as to the propriety of some of the deductions thus made as well as certain other items which had been charged as expenses before a division of the net proceeds of the business.

On the 11th day of February, 1931, this action was commenced in the district court of Oklahoma county by M. E. Durham, as plaintiff, against Adelbert Brown and others, as defendants. The plaintiff sought to recover from the defendant Brown the principal sum of $95,208.12, representing the alleged aggregate total of the various items of asserted improper deductions and expenditures made by Brown. The case was tried in the trial court without the intervention of a jury and resulted in a judgment in favor of the plaintiff for the sum of $53,958.85. The defendant Brown has appealed to this court, appearing herein as plaintiff in error. For the sake of convenience we shall continue to refer to the parties in the order of their appearance before the trial court.

The solicitation of legal business by an attorney is forbidden by the ethics of the profession and is contrary to public policy. 13 C. J. 448; 2 R. C. L. 1045.

It is equally objectionable for an attorney to engage in the solicitation of business either in person or through an individual who is not a lawyer or is not acting as such. Of course lawyers are not required to refrain from maintaining a welcome or inviting attitude towards the reception of new business. In some cases it becomes difficult to determine when a proper and inviting attitude merges into or becomes objectionable solicitation. However, we experience no difficulty in classifying the transactions involved in the case at bar. Here we have the plaintiff Durham, acting in a lay capacity, entering into a definite contract in writing with an attorney at law whereby he agrees that in consideration of a division of profits to be derived from litigation he will solicit from prospective clients the litigation from which the profits are to be derived. According to his testimony he carried out the contract in this respect and did solicit a great portion of the business obtained.

The reasons upon which the law regards such solicitation of business as objectionable have been so frequently discussed that they need not be reiterated in this opinion. Nor do we think such reasons are any the less applicable to this case because the plaintiff, Durham, may have, in addition to the solicitation of business, performed other services such as auditing taxes which could properly be performed by a layman.

The element of solicitation of legal business and the procuring of contracts which could only be carried out through the means of litigation permeated the entire association between the individuals who are now before this court. The enterprise was planned and carried out under a scheme of operation which was clearly illegal and which cannot be condoned by a court of justice. In filing and prosecuting this action the plaintiff, Durham, is, in effect, asking the aid of this court in superintending a division of the profits of an illegal enterprise. The basis of his suit is the contracts between himself and the defendant Brown. He can prevail only through an enforcement of those contracts.

With a few exceptions which are not involved in this case the courts are not available for the enforcement of illegal contracts. Huber v. Culp, 46 Okla. 570, 149 P. 216; Beams v. Young et al., 92 Okla. 294, 222 P. 952; Trawick et al. v. Sabin, 128 Okla. 137, 261 P. 916; Bass v. Smith et al., 12 Okla. 485, 71 P. 628; Missouri Fidelity & Cas. Co. et al. v. Scott & Scott, 72 Okla. 59, 178 P. 122; Crawford, Co. Treas., v. McConnell, supra.

There is some discussion in the briefs in this case as to the classification of this action, that is, whether it is an equitable action for accounting or an action at law embracing several distinct causes of action for money had and received. Under our view of the case, a distinction is immaterial. Neither legal nor equitable remedies are available to the plaintiff. See Bass v. Smith et al., supra.

It is also pointed out that the illegality of the alleged contract was not presented in the trial of this case in the court below. This, too, is immaterial, since the illegality is apparent from an examination of the record. Courts do not deny relief in this class of cases for the purpose of protecting a wrongdoer. The reason for the rule herein applied is that the courts will not condone and approve illegal contracts by assisting in their enforcement. The court itself is the tribunal interested in excluding this class of litigation in order to preserve the purity of the fountains of justice. Hunt

et al. v. W. T. Rawleigh Medical Co., 71 Okla. 193, 176 P. 410; 13 C. J. 453.

The plaintiff, M. E. Durham, in his brief in this case has asserted that he is in fact an attorney at law admitted to practice in this state. This assertion is not reflected by the record in this case. Assuming, however, its truth, it is immaterial, since clearly he was not acting in that capacity in connection with the transactions involved herein. Furthermore, if he was an attorney, the fact only aggravates the situation. A lawyer should acquaint himself with the ethics of his profession and refrain from taking part in an enterprise involving the elements presented here.

It is also asserted by the plaintiff, Durham, that if the illegality of these contracts had been urged in the trial court, he might have been able to show that he himself was a taxpayer in some of the counties of Oklahoma and therefore had a personal interest in the litigation involved. Such a showing would not legalize these contracts. The fact that Mr. Durham may have been a taxpayer and as such may have had a right of recovery for alleged illegal taxes could not, under any theory of the law, authorize him to enter into a business which had for its purpose the wholesale solicitation from other taxpayers of litigation. The rule announced by this court in Worrell v. Roxana Petroleum Corporation, 144 Okla. 297, 291 P. 47, would not, as is contended by the plaintiff, be applicable to this case, even if such a showing were made.

In accord with the views herein announced, the judgment of the trial court is reversed and the case is remanded, with directions to dismiss the action.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.