### *In re* HARTFORD.

1. ATTORNEY AND CLIENT—CONVICTION OF CRIMINAL MISCONDUCT NOT A CONDITION PRECEDENT TO DISBARMENT.

   Conviction of criminal misconduct is not a condition precedent to disbarment of an attorney.

2. SAME—FRAUD UPON IMMIGRATION AUTHORITIES.

   Attorney's actions in attempt to effect entry of alien, who had already been refused a visa, by means of deceit and fraudulent misrepresentations through use of letter from fictitious person and otherwise *held,* to demonstrate his unfitness to remain a member of the profession.

3. SAME—DISBARMENT—STATUTES.

   The power to disbar an attorney from practice is inherent in the court and may be exercised for reasons other than those specified in the statute (3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931).

Appeal from Wayne; Pugsley (Earl C.), Neal (Max E.), and Shaffer (John C.), JJ., presiding. Submitted October 19, 1937. (Docket No. 97, Calendar No. 39,651.) Decided November 10, 1937.

Verified report by Grievance Committee of the State Bar of Michigan recommended the disbarment of Leo Hartford. Order of permanent disbarment entered. Defendant appeals. Affirmed.

*Frank H. Boos, Jr.,* and *E. Cyril Bevan,* for State Bar of Michigan.

*Leo Hartford, in pro. per.*

CHANDLER, J. Respondent was found guilty by the grievance committee of the State Bar of conspiring with one Gregory Regan, an alien, to obtain the unlawful entry of the said Regan into the United States after he had been refused a visa by the immigration authorities. The committee recommended that respondent be permanently disbarred. Upon filing of a report of said committee an order to show cause as to why the recommendations should not be adopted was issued and three circuit judges were appointed pursuant to statute and rule to determine the issue. Following due hearing the court affirmed the findings of fact made by the committee, adopted its recommendations and entered an order permanently disbarring respondent from the practice of law, from which he takes this appeal.

The facts are not in dispute. One Basil Regan, a brother of Gregory Regan, operated a restaurant in the city of Detroit and desired that Gregory, living in Canada, join him in the business. Gregory made application for an immigration visa to permit him to make lawful entry into the United States

which was refused. Thereafter, Basil consulted respondent who apparently represented himself as an authority on immigration questions as to what could be done in the premises. As a result of the consultation a meeting was arranged between Gregory Regan and respondent in Windsor, Ontario, Canada, on November 27, 1936, at which time the alleged conspiracy was entered into.

It was agreed that Regan should represent himself to the immigration authorities as one interested in the purchase of mining equipment and that he desired to make a temporary visit to Detroit for the purpose of inspecting some mining equipment in the possession of one Jack Lyons. To accomplish the proposed scheme, respondent, while discussing the matter with Regan, wrote the following letter on stationery of the Victory Annex Hotel of Detroit, dating the same November 4, 1936:

"Mr. Gregory Regan,
"Shining Tree,
"% Matona Gold Mines, Ontario.
"Dear Mr. Regan:
"I will be in Detroit on November 27 unless something unexpected happens. If you can arrange to see me when visiting Detroit, at Victory Annex Hotel, I will have some fine air drills for your approval.
"Jack Lyons."

Regan was to present the foregoing letter if questioned by immigration officers as proof of his claim that he was interested in the purchase of mining equipment and desired to go to Detroit for an appointment with Lyons in accordance with the letter.

As a matter of truth and fact the said Jack Lyons was a wholly fictitious person existing only in the mental contemplation of Regan and respondent. Neither was Regan interested in mining equipment but desired only to obtain entry into the United

States and proposed to do so by means of the false and fraudulent misrepresentations contained in the letter and those to be made to the immigration officers.

On the same day, upon attempting to cross the Detroit River into Detroit, the scheme was uncovered and Regan incarcerated, later being deported to Canada. In the meantime, respondent had returned to Canada to avoid apprehension under a warrant which had been issued for his arrest. He was disbarred from practice in the Federal court by order entered December 22, 1936.

Respondent's answer to the formal complaint filed with the grievance committee for his disbarment does not deny that the foregoing events transpired but does deny that they constitute a criminal conspiracy to commit an offense against the United States. 18 USCA, § 88. He further contends that he cannot be disbarred on the ground that he has committed a crime until he has been legally tried and convicted therefor. This point is answered by *In re Mills,* 1 Mich. 392; *In re Radford,* 168 Mich. 474.

However, aside from this question, we believe the record is replete with facts and circumstances that require affirmance of the judgment. It is clear that respondent attempted to effect the entry of Regan by deceit and fraudulent misrepresentations to be made to the immigration authorities by means of the fictitious letter and otherwise. His actions exhibit a gross disregard of the obligations imposed upon him by virtue of his status as an attorney and officer of the court, and are not compatible with the attitude and sense of moral responsibility which must be possessed by those with whom the administration of justice is entrusted if the respect and dignity of the courts is to be maintained. He has violated the

confidence placed in him upon his admission to the bar as being one possessed of sufficient moral character to be entitled to engage in the practice of law, and has completely demonstrated that he is a person wholly unfit to be permitted to continue in practice and exercise and hold the rights, obligations and trusts which are imposed on every member of the profession.

Respondent infers that he can be disbarred only for the reasons specified in the statute. 3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931. The power to disbar is inherent in the court and may be exercised for reasons other than those specified in the statute. *In re Mills, supra.*

The judgment is affirmed.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.