### In re MAUPIN.

No. 259.   Sept. 13, 1938.

Rehearing Denied Nov. 15, 1938.

D. M. Caviness and V. P. Crowe, for State Bar of Oklahoma.

F. E. Chappell, for respondent.

HURST, J.  This is a proceeding to review the recommendation of the Board of Governors of the State Bar of Oklahoma that John A. Maupin be disbarred from the practice of law in this state.

The cause arose before the administrative committee in Oklahoma City upon two complaints. One complaint was filed by Maggie Zenor and charged that respondent, John A. Maupin, unlawfully and fraudulently converted to his own use the sum of $1,500 which she entrusted to him. The other complaint was filed by A. J. Tiefenbrun and charged the respondent with misconduct in the following particulars:  (1) That he embezzled and converted to his own use the sum of $2,038.87 entrusted to him by complainant; (2) that he fraudulently and negligently failed to attend to a partition action as attorney for complainant; (3) that he filed with the court clerk of Noble county, Okla., a false and fraudulent deposition which he himself had prepared and, through misrepresentation, had induced complainant to sign.

Evidence was taken before the administrative committee, which, without dissent, found the respondent guilty of misconduct for the conversion of money as charged in the Zenor complaint, and for the procuring of a false and fraudulent deposition and filing same in the district court of Noble county, as charged in the Tiefenbrun complaint, and recommended that respondent be disbarred. The committee found that respondent was not guilty with respect to the charge of embezzlement in the Tiefen-

brun complaint, and made no finding regarding the charge of negligently handling the partition matter. The recommendation of the committee was filed and presented to the Board of Governors of the State Bar, where additional testimony was introduced. The Board of Governors made findings of fact and conclusions of law in accordance with the findings of the committee and recommended that an order be entered disbarring the respondent All but three of the members of the board concurred in this recommendation, and those three were absent and did not participate.

■ We are committed to the rule that the findings of fact made by the Board of Governors will not be reversed unless they are against the clear weight of the evidence. In re Hills (1935) 170 Okla. 427, 40 P.2d 1031. With this rule in mind we have carefully read the record.

■ Regarding the Zenor complaint, the evidence adduced by complainant and her witnesses is in substance as follows: Complainant and respondent became acquainted through their association in a lodge. It appears that sometime during the summer of 1932 complainant went to the office of respondent to see about obtaining members for the lodge and in the course of the conversation advised him that she was going to see another attorney to attempt to buy some building and loan stock with which to pay off a mortgage on her property; that respondent persuaded her that he was more competent to handle the matter, and on October 21, 1932, notified her that a man was in his office with the stock she desired and requested her to bring $1,500 in cash; that when she reached respondent's office he stated that the man with the stock had gone and asked her to leave the cash, in return for which he gave his personal check for said amount, which complainant was to cash in the event he was unable to get the stock. Without going further into detail, the evidence of complainant discloses that she made repeated attempts to recover either her money or the stock and that respondent put her off with various representations and gave her three more checks, all of which were returned for insufficient funds; that respondent did pay her $50, and that subsequently the balance was collected by her attorney from respondent's brother.

Respondent's testimony is in substance to this effect: That the building and loan transaction referred to by complainant commenced in August, 1932, and was terminated on October 19, 1932, when respondent advised complainant that the stock would not be accepted; that complainant then gave him $42.50 with which to make payment on her loan; that on October 21, 1932, complainant voluntarily gave respondent $1,500 in cash for the purpose of investing in the stock market under the agreement that he get one-fourth of the profit. Respondent testified that complainant insisted on giving him the money in cash so as to keep the matter from the knowledge of her husband. The stock market venture was a failure and respondent stated that he gratuitously returned complainant's money. Respondent's testimony was corroborated to some extent by several witnesses. A salesman testified that he overheard the agreement to speculate in the market. Respondent's stenographer stated that she overheard steel stock discussed to a considerable extent, but did not hear any mention of building and loan stock. Several women, who had been active in the lodge with respondent and complainant, testified as to conversations with complainant wherein she in effect said that she loaned or gave the respondent money with which to buy stocks and that he had lost. One witness testified that complainant stated she had manufactured the building and loan transaction to make it appear that respondent had used her money without her consent so she could get it back. These conversations were flatly denied by complainant. There is a great deal of evidence in the record pertaining to differences and prejudices arising out of the association of complainant and respondent and most of the witnesses in the lodge. The evidence is material only in determining the weight to be given to the testimony of the various witnesses. In brief, the evidence in this regard discloses that charges were presented against complainant and she was expelled from the lodge. The wife of respondent presided at the trial. Complainant took an appeal to a higher division of the lodge and was reinstated, and those signing a petition to have her expelled were suspended. We cannot overlook the fact that from this source the prejudices of the witnesses ran high.

■ Regarding the Tiefenbrun complaint, as to the charge relating to the false and fraudulent deposition, it is admitted that there was an action pending in Noble county filed by G. C. Graham against respondent for the purpose of canceling a mineral deed on the ground that the interest conveyed had been falsely changed. It is fur-

ther admitted that the purported deposition of Tiefenbrun was filed in said cause. The deposition recited the testimony of Tiefenbrun to the effect that on January 30, 1930, he met Graham in Oklahoma City in the presence of respondent, and it was agreed that the deed be changed and that respondent might use Tiefenbrun's money in payment for the conveyance. Tiefenbrun testified that respondent induced him to sign the deposition by telling him that he had bought some royalty and that "my witnesses are out of town and I would like to get your name on here as a witness"; that he did not read the instrument or know what it contained; that after he had placed his name on the paper respondent brought in a notary public, who merely asked Tiefenbrun if the signature on the instrument was his own. He testified that no questions were asked him and that he made no answers and that all the statements in the deposition are false and untrue. He stated that he did not meet Graham until after these charges were filed. Graham, called as a witness, testified that he did not meet Tiefenbrun until a few months prior to this action, which was in October, 1934, and that he had no recollection of meeting Tiefenbrun in 1930. On the other hand, respondent declared that the deposition was taken in the regular manner and that the facts stated therein were true. The brother of respondent, the notary public whose name appears upon the deposition, and the stenographer in respondent's office all corroborated respondent's testimony that the deposition was taken in the regular manner and that questions were propounded and answers given. Stenographic notes of the deposition were introduced in evidence. The testimony of these witnesses was that the deposition was taken in the forenoon, whereas complainant was corroborated in his testimony to the extent that witnesses stated that he went to respondent's office in the afternoon.

Respondent produced witnesses who testified that his reputation "as an honest and truthful lawyer" was good. This is a matter to be considered in weighing respondent's evidence.

There was a great deal of evidence submitted at the hearings on both of the complaints. There was a sharp conflict in the evidence on practically every issue. We have stated in a general way the substance of the testimony and have carefully considered all the evidence referred to in the brief of respondent Maupin. We do not deem it essential to encumber this opinion with many details which we have considered in determining the credibility of the parties and the various witnesses and the weight to be given their testimony. The case was fully tried by the committee and reviewed by the Board of Governors in light of the additional evidence introduced. These tribunals saw the witnesses and observed their demeanor and were unanimous in their decision that the evidence was sufficient to justify disbarment. The acts, of which respondent was found guilty, constitute moral turpitude and justify disbarment. From our reading of the record we cannot say that the findings of the Board of Governors are against the clear weight of the evidence.

Respondent further contends that the finding as to the filing of the false and fraudulent deposition is not within the scope of the pleadings. By the very nature of matters of this character, the pleadings must be liberally construed, and we think the complaint sufficiently charges respondent with misconduct in this particular.

The recommendation is approved, and respondent is hereby disbarred from the practice of law in this state.

BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and DAVISON, JJ., concur. OSBORN, C. J., and PHELPS, J., not participating. RILEY, J, absent.