STATE OF NEVADA, on the Relation of N. E. CONKLIN, Petitioner, v. D. M. BUCKINGHAM, County Clerk of the County of Mineral, State of Nevada, Respondent.

No. 3251

November 7, 1938.                                     84 P. (2d) 49.

*N. E. Conklin,* for Petitioner:

*J. M. Frame,* for Respondent, did not file a brief, but made an oral argument.

## OPINION

By the Court, DUCKER, J.:

This is a proceeding in prohibition. The petition, upon which an alternative writ was issued, contains the following allegations: Petitioner, an elector and registered voter of the county of Mineral, State of Nevada, is district attorney of said county and a candidate for said office at the ensuing general election. Respondent is county clerk of said county. Fred L. Wood filed his declaration of candidacy for said office of district attorney as a Republican and is the sole Republican who has filed for the office, and threatens to be, and will be, a candidate therefor at said election. Respondent intends to, and will place the name of said Fred L. Wood upon the official ballot to be voted for at the ensuing election unless prevented from so doing by an order of court. The above-named Fred L. Wood was convicted in the

Fifth judicial district court of the State of Nevada in and for the county of Nye, of an offense involving moral turpitude on the 23d day of June 1938. Petitioner was and is the attorney for the county in the above-named action and was served with a notice of appeal from denial of a new trial and from the judgment, on said 23d day of June, and since said service nothing further has been done regarding said appeal.

Petitioner has demanded of respondent that he refrain from placing the name of said Wood upon the ballot to be voted in the coming election, and he refuses to so refrain unless prohibited from doing so by an order of court. Copies of the verdict of conviction together with copies of the information and judgment of the court are made a part of the petition, and in connection therewith it is alleged that certified copies of the same have been filed with the clerk of this court, and ipso facto, said Wood was suspended from the practice of law in this state, and is ineligible as a candidate for said office of district attorney.

The said information contained three counts. Wood was convicted on the third count of the information, which is in words and figures, as follows: "That the defendant, Fred L. Wood, on or about the fifth day of October, 1933, and prior to the filing of this information, at the County of Mineral, State of Nevada, he, the defendant Wood, being then and there, and at all of the times herein mentioned, a public officer, to-wit: The duly elected, qualified and acting district attorney in and for the County of Mineral, State of Nevada, was guilty of, and did neglect the duties imposed upon him as such officer, in this: That said Wood, as such officer did receive and have in his possession and custody the sum of Two Hundred and Seventy Three and 41/100 dollars, paid unto him by the Tonopah and Goldfield Railroad Company, as a portion resulting from a compromise of delinquent taxes due and owing from said company to the County of Mineral, State of Nevada, and which moneys were then and there the property of

and was due and payable unto said County of Mineral. That on, or about the fifth day of October, 1933, said Wood was then and there guilty of neglect of duty in that he failed and neglected to pay the aforesaid moneys into the treasury of the County of Mineral, State of Nevada, and the said moneys being then and there moneys and property of said County, and it being his duty to pay over the same as aforesaid. Said acts and offense were committed in a secret manner, and remained such secret until on, or about the ninth of July, 1937, and prior to the filing of this information, at which time your informant first discovered the offense.

"Informant states that the offense set out in Counts one, two and three herein, grew out of, arose from, and emanated from the same state of facts and offense, and at the same time.

"All offenses set out herein are contrary to the form, force and effect of the statutes in such cases made and provided, and against the peace and dignity of the State of Nevada.

> "Gray Mashburn, Attorney General
> of the State of Nevada,
> "By, N. E. Conklin, Deputy Attorney General."

The judgment pronounced upon the verdict of conviction is as follows: "As the court has informed you, you now stand convicted before this court of the crime of a misdemeanor as just announced by the court, and there appearing to me no legal cause why judgment and sentence should not be pronounced, it will be the judgment and sentence of this court, that for the offense for which you now stand convicted, that you be fined in the sum of five hundred dollars, and it is further ordered that in the event the fine is not paid, that you will be committed to the custody of the sheriff of this county to be imprisoned in the county jail of Nye County, Nevada, at the rate of two dollars per day, until the fine is paid; and it is further the judgment and order of this court

that by reason of the crime for which you now stand convicted that you be removed from the office of district attorney of Mineral County, and that the said office of district attorney of Mineral County is hereby declared vacant. \* \* \*

"James Dysart,
"District Judge presiding."

The proceeding was heard upon respondent's demurrer to the petition. The peremptory writ prayed for was heretofore denied and the proceedings dismissed by order of this court.

Petitioner contended that respondent should be restrained from placing the name of Fred L. Wood upon the ballot by reason of the conviction and that part of the judgment removing him from the said office of district attorney. The contention was based upon sections 605 and 2071 of the Nevada Compiled Laws. The former section reads: "In the case of the conviction of an attorney or counselor of a felony or misdemeanor involving moral turpitude, the clerk of the court in which the conviction was had shall, within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction. And upon such judgment of conviction being entered, all rights of such attorney to practice as such shall ipso facto be suspended until such judgment either becomes final or is reversed or otherwise set aside."

The latter section provides, in part: "No person shall be eligible to the office of district attorney unless he shall, at the time of his election, be a bona fide resident of the State of Nevada, and duly licensed and admitted to practice law in all the courts of this state."

■ The contention may not be maintained. The defendant in said action, Fred L. Wood, was not convicted of an offense involving moral turpitude. Consequently, the entering of the judgment could not operate under said section 605, or otherwise, to suspend his rights to practice as an attorney. This being so, he

was not rendered ineligible to the office of district attorney of said Mineral County by said section 2071, or otherwise. He was duly licensed and admitted to practice law in all the courts of this state.

■ 2 Bouv. Law Dict., Rawle's Third Revision, p. 2247, defines the term "moral turpitude" as follows: "An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellowmen or to society in general contrary to the accepted rule of right and duty between man and man."

This is stated in Drazen v. New Haven Taxicab Co., 95 Conn. 500, 111 A. 861, to be the accepted legal definition of the term.

Practically the same definition is given in 2 Words and Phrases, Fourth Series, p. 714: "Turpitude is defined as inherent baseness or vileness of principle, words or actions, or shameful wickedness or depravity, whereas 'moral' describes conduct that conforms to the generally accepted rules which society recognizes should govern everyone in his social and commercial relations with others, regardless of whether those rules constitute legal obligations, so that 'moral turpitude' implies something in itself whether punishable by law or not, the word moral serving only to emphasize the nature of the wrong committed."

In 41 C. J., 212, it is defined "as anything contrary to justice, honesty, principle, or good morals; an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."

The foregoing statements reflect generally the holdings of the courts and conform to our idea of the meaning of the term "moral turpitude." See cases listed in note 63 to last citation.

We think the instant case falls within the rule in Drazen v. New Haven Taxicab Co., supra, which, holding in conformity with the above texts, stated a rule

of exclusion as follows: "Unintentional wrong, or an improper act done without unlawful or improper intent, does not carry with it the germs of moral turpitude."

The petition alleges, as previously stated, that Wood was convicted of an offense involving moral turpitude, but reference to the third count of the information shows that this allegation is untrue. No intentional wrong, unlawful or improper intent or other ingredient of turpitude, is alleged therein. No element of dishonesty or fraud is charged therein. The statement that this neglect occurred in a secret manner, is not a sufficient allegation of any of the essential elements of moral turpitude.

The peremptory writ could not, therefore, issue to prevent respondent from placing Wood's name upon the ballot as a candidate for said office of district attorney.