In re DURHAM.

S. C. B. D. No. 476. May 19, 1942.

*126 P. 2d 69.*

Mart Brown, of Oklahoma City, for State Bar of Oklahoma.

W. R. Wallace and Creekmore Wallace, both of Oklahoma City, for respondent.

HURST, J. This is a proceeding to disbar M. E. Durham. The Board of Governors of the State Bar, after hearing evidence upon the charges brought against him, has recommended disbarment. The grounds upon which disbarment is recommended are (1) that Durham solicited business, and (2) that he was guilty of embezzlement.

At the hearing the evidence established the following facts: In 1928, and for several years prior thereto, Durham, an attorney duly licensed to practice law in the State of Oklahoma, was engaged in operating a business under the trade name of "Taxpayers Association." The business engaged in by the Taxpayers Association was that of protesting tax levies in Oklahoma county and other counties and the recovery for taxpayers of taxes illegally levied and paid. Durham, personally and by agents employed by him, actively solicited the business of the taxpayers, and filed the protests. The nature of the business and the manner of conducting it is set forth in detail, and held illegal, in Brown v. Durham, 175 Okla. 500, 53 P. 2d 551.

1. The solicitation of business personally, and the employment of others to procure such business, and to receive for their services a portion of the amount recovered, is freely admitted by Durham. He contends that in so doing he was not acting as an attorney, but in the capacity of a tax accountant, and calls attention to the statement that he was acting in a lay capacity contained

in Brown v. Durham, supra. In that case the court noted that the record did not show that he was an attorney, and intimated that if he was an attorney his conduct was more reprehensible.

In Crawford v. McConnell, 173 Okla. 520, 49 P. 2d 551, this court had squarely presented for decision the question of whether the operations conducted by Durham constituted the practice of law. In that case McConnell, who purchased the business of the Taxpayers Association from Durham, was engaged in the performance of the same acts as Durham had theretofore been doing, and which Durham, in his contracts with clients, and with attorneys with whom he had arranged to conduct such actions as it became necessary to file, had obligated himself to do. The court held that by engaging to perform such acts, and in performing them, McConnell was acting as an attorney, and engaging in the practice of law. We think that Durham was acting as an attorney in the soliciting of such business, and that his conduct in these transactions is ground for disbarment. 2 R.C.L. 1045; 6 C. J. 598; 7 C.J.S. 758. It is forbidden by the ethics of the legal profession. Brown v. Durham, supra; 5 Am. Jur. 424.

2. The embezzlement of funds recovered by Durham is not admitted, but from the evidence it appears that a number of criminal actions were filed against him because of his failure to pay to his clients the money collected during 1928 through litigation over protested taxes, and that after such actions were filed he settled with his clients and induced them to have the cases dismissed. It appears that Durham was tried and acquitted in one case. The evidence showed that one client, a corporation, for which Durham collected $21,810.65, received only the sum of $2,509.25. Durham claimed that he settled this collection with the president of the company, who died prior to the hearing in this matter.

This evidence does not clearly prove that Durham was actually guilty of embezzlement. But it does show that he attempted to withhold or misappropri-

590

ate funds collected for his clients, and made payment thereof only under compulsion. There is no evidence of any dispute as to the amounts due these clients who caused the institution of these prosecutions against him. His duty required that he make payment promptly upon collection (State v. Cutlip, 83 Okla. 183, 202 P. 782), and there is no evidence of any reason why he could not have done so. While he contends that he made settlement with these parties prior to the institution of criminal proceedings, the evidence is to the contrary.

Taken as a whole, we think the evidence sufficiently shows that Durham, for financial gain, disregarded and cast aside the rules of conduct and code of ethics of his profession, and pursued a course of conduct which was calculated to bring the profession into disrepute, and to cause serious doubt as to his honesty and integrity.

Durham urges that the long delay in bringing the present proceedings prevented him from making a complete defense, and that the prosecution of stale claims should be discouraged, citing 6 C. J. 601, 7 C.J.S. 766, and various cases so holding. But there is no showing that such delay prejudiced him in making his defense, and the solicitation charge is not seriously disputed.

The findings and recommendation of the Board of Governors not being clearly against the weight of the evidence, they will not be disturbed. In re Maupin, 183 Okla. 628, 84 P. 2d 31. The recommendation is therefore approved, and respondent is hereby disbarred from the practice of law in this state.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.