Zimmerman, J.
Section 1707, General Code (Section 4705.02, Revised Code), reads as follows:
“The Supreme Court, Court of Appeals or Court of Common Pleas may suspend or remove an attorney at law [from office] or may give private or public reprimand to him as the nature of the offense may warrant, for misconduct or unprofessional conduct in office involving moral turpitude, or for conviction of a crime involving moral turpitude. Such suspension or removal shall operate as a suspension or removal in all the courts of the state of Ohio. # * * Judges of such state courts are required to cause proceedings to be instituted against an attorney at law, when it comes to the knowledge of any judge or when brought to his knowledge by the bar association of the county in which such attorney practices that he may be guilty of any of the causes for suspension, removal or reprimand.” (Emphasis supplied.)
An important question in this case which should be squarely *422 met and definitely decided is whether the statutory causes for the suspension, removal or reprimand of an attorney at law are exclusive and binding on the courts. There is language in the opinion in the case of In re Hawke, 107 Ohio St., 341, 349, 350, 140 N. E., 583, 585, which would indicate that the above question should be answered in the affirmative, but this court definitely held in the first two paragraphs of the syllabus in the case of In re Thatcher, 80 Ohio St., 492, 89 N. E., 39, that the Supreme Court of Ohio has inherent jurisdiction to disbar an attorney as an incident of its organization as a court as well as from its power to admit to the bar, and, furthermore, that Section 563, Revised Statutes (Section 1707, G-eneral Code; Section 4705.02, Revised Code), is but a regulative provision which does no more than recognize the existing power of the courts.
In othér later cases this court has said that the power to admit attorneys to the practice of law and to suspend, disbar or otherwise discipline them rests inherently in the judicial branch of the government. State, ex rel. Turner, Atty. Genl., v. Albin, 118 Ohio St., 527, 161 N. E., 792; Land Title Abstract & Trust Co. v. Dworken, 129 Ohio St., 23, 193 N. E., 650; Judd v. City Trust & Savings Bank, 133 Ohio St., 81, 12 N. E. (2d), 288. And see State, ex rel. Thatcher, v. Brough, 15 C. C. (N. S.), 97, 23 C. D., 257, affirmed without written opinion in 90 Ohio St., 382, 108 N. E., 1133.
Upon admission to the bar lawyers become officers of the courts in which they are authorized to practice and are responsible to the courts wherein they are such officers for professional misconduct.
The holding of this court in In re Thatcher, supra, finds abundant support in numerous cases from other jurisdictions. The matter is well stated in the case of In re Richards, 333 Mo., 907, 915, 63 S. W. (2d), 672, 675, as follows:
“It is not always easy to determine what objects are naturally within the range or orbit of a particular department of government, but it will scarcely be denied that a primary object essentially within the orbit of the judicial department is that courts properly function in the administration of justice, *423 for which purpose they were created, and in the light of judicial history they cannot long continue to do this without power to admit and disbar attorneys who from time immemorial have in a peculiar sense been regarded as their officers. Since the object sought is not naturally within the orbit of the legislative department the power to accomplish it is in its exercise judicial and not legislative, although in the harmonious co-ordination of powers necessary to effectuate the end and aim of government it may be regulated by statute to aid in the accomplishment of the object but not to frustrate or destroy it.”
Later on in the opinion it is remarked, “The great weight of authority is that statutory grounds of disbarment are not exclusive.” Among the cases cited in substantiation of this statement is In re Thatcher, supra.
In State Bar Commission, ex rel. Williams, v. Sullivan, 35 Okla., 745, 763, 131 P., 703, 711, L. E. A. 1915D, 1218, the observation is made:
“While the statutes of many of the states authorize the suspension or removal of attorneys upon specified grounds, it has generally been held that such statutes do not restrict the general powers of the court over attorneys, who are its officers, and that they may be removed for other than statutory grounds. ’ ’
Likewise, in In re Keenan, 313 Mass., 186, 196, 47 N. E. (2d), 12, 21, the Supreme Judicial Court of Massachusetts said:
“Statutes purporting to regulate admission to the bar * * * are to be interpreted as ‘making provision in aid of the judicial department in reaching a proper selection of those qualified for admission as attorneys to practice in the courts.’ * * * And statutes stating the grounds upon which an attorney may be disbarred also are to be so interpreted, and are not to be interpreted as limiting the grounds for disbarment.”
Of similar import are the cases of Collins v. Godfrey, Admr., 324 Mass., 574, 87 N. E. (2d), 838; In re Mills, 1 Mich., 392; In re Hartford, 282 Mich., 124, 275 N. W., 791; Delano’s Case, 58 N. H., 5, 42 Am. Rep., 555; Ruckenbrod v. Mullins, 102 Utah, 548, 133 P. (2d), 325, 144 A. L. R., 839; and In re Lambuth, 18 Wash., 478, 51 P., 1071, to which many more could be added.
*424 The term, “moral turpitude,” as it relates to the professional conduct of an attorney has been interpreted differently by different courts. To the Supreme Court of Nevada (State, ex rel. Conklin, v. Buckingham, Clerk, 59 Nev., 36, 84 P. [2d], 49) it means “an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellowmen or to society in general,” whereas to the Supreme Court of California (Stanford v. State Bar of California, 15 Cal. [2d], 721, 104 P. [2d], 635) it means “an act of an attorney which is contrary to honesty and good morals.” For other definitions see In re Pearce, 103 Utah, 522, 527, 136 P. (2d), 969, 971.
Since, in our view, the statutory grounds for the suspension or disbarment of an attorney are not exclusive and are not strictly binding on the courts, other serious unprofessional and unethical conduct may be the basis for court proceedings to reprimand, suspend or disbar.
In the case of In re Information to Discipline Certain Attorneys, 351 Ill., 206, 225, 184 N. E., 332, 341, the court had the following to say:
“Attorneys are officers of the court and as such are charged with a duty to avoid conduct tending to bring the profession into disrepute. * * * In all cases where it appears that the attorney is an unsafe or unfit person to be trusted as an attorney, this court has the power and it is its duty, to strike his name from the roll. * * * Unprofessional conduct in a lawyer is that which violates the rules or ethical code of his profession or which is unbecoming a member of that profession. * * * The standard of professional integrity which has been applied and should be applied to those admitted to the practice of law is not satisfied by such conduct, merely, as enables them to escape the penalties of the criminal law.”
Rule XXVIII of the Rules of Practice of this court, entitled “Rules of Professional Conduct,” provides in part:
“Section 1. These rules of professional conduct shall be binding upon all members admitted to practice law in the state of Ohio, and the wilful breach thereof shall be punished by reprimand, by suspension or by disbarment, as may be determined by any court of competent jurisdiction.
*425 “The Canons of Ethics of the American Bar Association are commended; and nothing in these rules is intended to limit or supersede any provision of law relating to the duties and obligations of attorneys or the consequences of a violation thereof.
■ “Section 2. An attorney at law shall not advertise or otherwise solicit professional employment. * * *
“Section 3. An attorney at law shall not employ another to solicit or to obtain or remunerate another for soliciting or obtaining professional employment for him. ’ ’
Irrespective of these rules and irrespective of whether the brazen solicitation of business by an attorney, or his employment of others to secure business for him, constitutes “moral turpitude” (In re Veach, 1 Ill. [2d], 264, 115 N. E. [2d], 257), such conduct is universally condemned as a gross impropriety, unworthy of a member of the legal profession, and, when proved, makes him amenable to such discipline as the gravity of his offense demands. There are many cases so holding, among them being Utz v. State Bar of California, 21 Cal. (2d), 100, 130 P. (2d), 377; Librarian v. State Bar of California, 25 Cal. (2d), 314, 153 P. (2d), 739; Louisville Bar Assn. v. Mazin, 282 Ky., 743, 139 S. W. (2d), 771; In re Durham, 190 Okla., 588, 126 P. (2d), 69; State, ex rel. Sorensen, Atty. Genl., v. Goldman, 127 Neb., 340, 255 N. W., 32; In re Greathouse, 189 Minn., 51, 248 N. W., 735; State v. Kiefer, 197 Wis., 524, 222 N. W., 795.
It would be a sorry state of affairs indeed if courts were powerless to discipline their officers for unprofessional and unethical conduct unless such conduct was so reprehensible as to involve moral turpitude. To the writer, at least, “turpitude” implies something extremely bad, turpitude being derived from the Latin word, “turpis,” meaning vile.
A well known fact is that lawyers and members of the judiciary are reluctant to take action to discipline their brothers in the legal profession unless those brothers persistently misbehave. The legal profession is a high and dignified calling, and those who enter it should recognize that fact and govern themselves accordingly. Upon being admitted to the practice of law they take a solemn oath which binds them to superior *426 standards of conduct. Integrity, honesty and dignity are three attributes which clients, courts and the public have a right to expect and demand from those who follow the profession of law.
In the case of In re Tracy, 197 Minn., 35, 43, 266 N. W., 88, 91, the court made these pertinent remarks:
“The point is in the fundamental difference between any commercial business and a profession. The vocation of a lawyer is a profession. In consequence, his conduct as attorney, counselor, and advocate is to be measured not by the indefinite, still developing, and largely unwritten standards of trade and countinghouse, but by those of his profession, which, while they have not reached their ultimate state, have yet attained the development and degree of formation evidenced by the Canons of Ethics. That being so, lawyers will do well to remember, for their own solace if for no other reason, that they are engaged in a profession rather than a business and that it is by professional rather than commercial standards that their conduct will be judged when properly called in question. That basic and irremovable distinction both exposes and explains the error of those who choose to enter the legal profession supposing it to open an easy road to affluence.”
In our opinion, the charges and specifications brought against the respondent herein are good and sufficient to bring him before the bar of justice and, if proved, fully justified the Court of Common Pleas in subjecting him to disciplinary action. Although this court is not required to and does not ordinarily weigh evidence, we have examined the bill of exceptions and are satisfied there was ample credible evidence to support those charges and specifications. The evidence shows that the respondent had pursued a course of conduct which was highly unprofessional and unethical.
“In admitting a lawyer, and granting him a license to practice law, it is on the implied understanding that the person receiving such license shall in all things demean himself in a proper manner and abstain from such practices as cannot fail to bring discredit upon himself, the profession and the courts.” State, ex rel. Nebraska State Bar Assn., v. Palmer, 160 Neb., 786, 71 N. W. (2d), 491.
*427 True, in the ease of In re Lieberman, 163 Ohio St., 35; 38,125 N. E. ('2d), 328, 330, it is said that “a proceeding to suspend or remove an attorney at law from office is strictly statutory,” but we see nothing inconsistent or incongruous in following the mechanics and mode of procedure provided by statute for the initiation and conduct of proceedings for the reprimand, suspension or removal of attorneys and at the same time enlarging the statutory grounds for such action by the exercise of the inherent powers possessed by courts in these matters. The inherent power of courts to discipline attorneys is not affected by recognizing and pursuing the regulations and practice prescribed by the Legislature on the subject. State v. Cannon, 196 Wis., 534, 221 N. W., 603.
We find no merit in respondent’s contention that the charges and specifications are fatally defective because they were not verified. There are no requirements, statutory or otherwise, in that respect, and respondent was not prejudiced thereby.
In conclusion, a lawyer who is forthright in his professional conduct and in his relations with his clients, the courts and the public has nothing to fear, but one, who pursues a devious course in his professional life, forgets his oath of office and brings the legal profession into disrepute by his actions, deserves to be subjected to disciplinary measures.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taet, JJ., concur.